UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE PARTNERS II, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIO MOSQUEDA,<br><br>    Defendant. | Case No. 16-cv-05318 NC<br><br>**ORDER FOR REASSIGNMENT; RECOMMENDATION TO DENY IFP APPLICATION AND TO GRANT MOTION TO REMAND TO STATE COURT**<br><br>Re: Dkt. Nos. 3, 7 |

Defendant Mosqueda filed a notice of removal alleging that this Court has federal question jurisdiction under 28 U.S.C. § 1331. In the underlying complaint, plaintiff Duke Partners II, LLC, brought a limited action for unlawful detainer, which arises exclusively out of state law. Duke moved to remand the case to state court, arguing that no federal court jurisdiction existed. Dkt. No. 7. Mosqueda did not respond to the motion.

Duke consented to the jurisdiction of a magistrate judge, but Mosqueda has not responded to the Court's request to file a consent or declination. Dkt. No. 6. Thus, the Court ORDERS that this case be reassigned to a district court judge. The Court RECOMMENDS that the case be remanded to state court and that Mosqueda's request to proceed in forma pauperis be denied.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court

Case No. 16-cv-05318 NC

would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states," 28 U.S.C. § 1332(a).

In the absence of diversity jurisdiction, removal to federal court is only proper when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [n]or can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fielder v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3).

Here, Duke states that the amount in controversy is $10,000 and that all parties are citizens of California, so no diversity exists. Dkt. No. 7 at 4. Mosqueda states that the unlawful detainer action deprived him of rights under federal law. Dkt. Nos. 1, 2. This is insufficient as a basis for removal because federal question jurisdiction cannot be based on a defense. Thus, the Court concludes that no subject matter jurisdiction exists, and the case must be remanded to the County of Monterey Superior Court.

Additionally, Mosqueda seeks to proceed in forma pauperis, but has failed to fully complete the proper form. Dkt. No. 3. For example, Mosqueda has not answered whether he is married, has bank accounts, or any assets. Thus, the Court cannot determine if waiving the filing fee is appropriate, so the application should be denied.

Any party may object to this order within 14 days. Fed. R. Civ. P. 72(b)(2). The Court reminds Mosqueda that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Presently, the Court is unaware whether plaintiff has incurred any expenses as a result of the removal.

**IT IS SO ORDERED.**

Dated:  October 14, 2016            _____
                                    NATHANAEL M. COUSINS
                                    United States Magistrate Judge